Wright, J.,
delivered the opinion of the Court.
We are content with the decree of the Chancellor in this cause, and affirm it.
The record presents a case where the defendant, Locke, obtained of Bartholomew Guinn, the father of complainants, a tract of land, worth from $1,000 to $1,200, at, perhaps, less than one-third its value. It was, to be sure, purchased by Locke and McCorkle at execution sale, and a sheriff’s deed taken. But it is manifest, from the pleadings and proof, that as to McCorkle’s share of the purchase, it was redeemed of him, before the time allowed by law for' redemption *112 bad expired. To effect the redemption, Guinn paid a a part of the money, and Locke advanced the balance for him, and rve are satisfied the redemption was for Guinn who became Locke’s debtor for the sum he advanced, as upon a loan. Locke managed it for Guinn, as his agent; but instead of taking the deed of McCorkle to Guinn, or to himself for Guinn, he caused it to be made to Sharp, his brother-in-law.
And, as to Locke’s part of the purchase, we are satisfied he misled and deceived Guinn, who was a confiding old man, and induced him not to redeem, under assurances that he would hold the land for him, and that he might pay him the money at his convenience, until the time allowed by the statute to redeem had passed.
He and Sharp now set up to be the owners of the land. But it would be unjust and inequitable to permit them to hold it. We need go no further than to the cases of Smart v. Waterhouse, 10 Yer., 94-105, and Belcher v. Belcher, 10 Yer., 121, to find authority to warrant us in giving relief. In the former case it was held, if a widow is prevented from dissenting from her husband’s will by the artifibe of the executor, until the time of six months, within which. the dissent ought to be entered, has elapsed, such omission will not prejudice her.
Absolute deeds may be turned into mortgages by parol proof; and it may be shown, that though the party holds by a sheriff’s deed, or other absolute conveyance, yet that he purchased, or redeemed, as the agent of the debtor, or for his benefit, and the relation of mortgagor and mortgagee will thereby be established. *113 Sueb proof has never been regarded as opposed by the statute of frauds. Kennedy v. Howard, 6 Hum., 64; 8 Hum., 378; 8 Hum., 460; 10 Hum., 349.
The defendant, Sharp, is not an innocent purchaser, because he took the conveyance for a pre-existing debt only by quit-claim, and, as we think, had actual notice of the complainant’s equities.
The defendants ai-e not protected by the statute of limitations for more than one reason. .It is enough to say that Guinn and his children held possession of the land until the fall of 1846, or even longer, and that seven years had not elapsed from the time they were turned out of possession to the filing of the bill and amended bill.
It was not necessary, in a case like this, to bring the redemption money into Court. The case does not stand strictly under the redemption laws of the State; but from the facts, the defendants, Locke and Sharp, are converted into mortgagees, and must account as such. The practice, in such cases, has been, where the mortgagor could not pay the balance found due the mortgagee, upon the coming in of the report, to decree a sale of the mortgaged estate, and pay him out of the proceeds, paying the surplus to the mortgagor.
Affirm the decree.